WILLIAM ARMES *vs.* UNITED ELECTRIC RAILWAYS COMPANY.
MARY ARMES *vs.* SAME.

NOVEMBER 12, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   These are actions of trespass on the case for negligence which were tried together to a jury in the superior court and resulted in a verdict of $6000 for plaintiff Mary Armes and of $1250 for plaintiff William Armes. On defendant's motion the trial justice ordered a new trial in each case unless plaintiff Mary Armes filed a remittitur of all of her verdict in excess of $5000, and unless plaintiff William Armes remitted all of his verdict in excess of $600. Each plaintiff excepted to such decision and has prosecuted a bill of exceptions to this court.

The sole question raised by these bills of exceptions is whether the trial justice was clearly wrong either in finding that each verdict was grossly excessive or in the extent to which he reduced it.   We have frequently said that it is the duty of the trial justice, on a motion for a new trial, to revise the jury's award of damages whenever in the exercise of his independent judgment of the evidence it appears that the award is grossly excessive or inadequate. And we have further said that when he thus exercises his

judgment and revises the verdict we will not disturb his decision merely because we might have made a somewhat larger or smaller reduction if we were in his place. *Beaumier v. Provensal*, 58 R. I. 472; *Joseph v. Di Guilio*, 60 R. I. 286. In other words, in reviewing the trial justice's revision of the damages, as in reviewing his decision as to whether they are grossly excessive, this court applies the rule that it will not disturb his decision unless it is clearly wrong.

In the circumstances here there is no occasion to discuss the evidence. It is sufficient to say that we have examined the transcript with especial reference to the evidence bearing on the damages in each case, and we are of the opinion that nothing appears therein that would warrant our saying that the trial justice was clearly wrong either in his finding that the award of damages in each case was grossly excessive or in the extent to which he has revised it.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for a new trial unless the plaintiff shall, on or before November 26, 1948, file in the office of the clerk of the superior court a remittitur in the amount fixed by that court.

*Carroll & Dwyer, Edward F. J. Dwyer,* for plaintiffs.

*Earl A. Sweeney, Frank J. McGee,* for defendant.